## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

JANALE FLORES,

      Plaintiff,

v.

SOLERA SENIOR MANAGEMENT EMPLOYER, LLC, AND SOLERA SENIOR
MANAGEMENT LLC, A DELAWARE LIMITED LIABILITY COMPANY,

      Defendant.

---

## COMPLAINT

---

Plaintiff Janale Flores ("Ms. Flores" or "Plaintiff") states the following Complaint against Defendant   Solera Senior Management Employer, LLC and Solera Senior Management, LLC, (collectively "Solera" or "Defendant").

### NATURE OF ACTION

Janale Flores brings this action for damages as a result of Defendant's interference with, and retaliation from, Plaintiff's right to use leave under the Family Medical Leave Act, 29 U.S.C. §§2615(1)(1); 2617(a); 29 C.F.R. §825.220 ("FMLA"). Plaintiff also brings this action in tort to recover damages for wrongful termination of employment in violation of public policy. See, *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100 (Colo. 1992); C.R.S. §24-34-402.5; *Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371 (Colo. 1997); *Webster v. Konczak Corp.*, 976 P.2d 317 (Colo. App. 1998).

## PARTIES

1.      Janale Flores is a female citizen of the State of Colorado, with an address of 3321 Molly Lane, Broomfield, Colorado 80023.

2.      Defendant is a Delaware limited liability company with a principal office located at 2440 S. Wabash Street, Denver, Colorado 80231.

3.      Ms. Flores was employed by Defendant during all relevant time periods.

## JURISDICTION

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This Court has jurisdiction under the Family Medical Leave Act, 29 U.S.C. §§2615(1)(1); 2617(a); 29 C.F.R. §825.220 ("FMLA"). The Court has continuing jurisdiction to hear Plaintiff's state law claims in accordance with Fed.R.Civ.P. 18(a).

5.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## FACTUAL ALLEGATIONS

6.      Ms. Flores was hired by Defendant on or around April 13, 2020, as Defendant's Corporate Director of Human Resources. Ms. Flores was the first HR professional hired for the company and built the HR department from the ground up.

7.      At all relevant times, Ms. Flores performed her work in a satisfactory manner. She has a proven record of accomplishments as the Corporate Director of HR.

8.      Defendant did not provide performance reviews for Ms. Flores. However, Ms. Flores was never written up, disciplined or counseled for any performance alleged performance deficiencies.

9.      At all relevant times, the Chief Operating Executive was Adam Kaplan ("Kaplan"), the Vice President of Operations was Sheila Flaschberger ("Flaschberger"), and the President was Jamie Ranzen ("Ranzen").

10.     It was well known in the company that Ms. Flores' son suffered from asthma, a qualifying disability under the Americans with Disabilities Act. Ms. Flores had several discussions and conversations about her son to Kaplan, Flaschberger and Ranzan during her employment. During one conversation, Kaplan told Ms. Flores to take her son to National Jewish Health.

11.     In or around September 2020, Ms. Flores exchanged text messages with Ranzan about Ms. Flores' son's disability.

12.      In January 2021, Ms. Flores received a performance bonus.

13.     On or about May 19, 2021, Ms. Flores admitted her son to the emergency room because of his disability. Ms. Flores had an early (approximately 5:00 a.m.) phone call with Flaschberger while at the hospital. Ms. Flores continued to work and participated in a zoom meeting from the hospital room. Ms. Flores verbally told Ranzan and Flaschberger the reason for Ms. Flores being at the hospital.

14.     On or about July 5, 2021, Ms. Flores advised Kaplan and Ranzan that she would need to apply for FMLA due to her son's disability and serious medical condition.

15.     On or around July 7-9, 2021, Flores emailed Kaplan and Ranzan about her need to be absent from work to care for her son.

16.     On or about July 9, 2021, Kaplan, in a text message, demanded that Ms. Flores provide paperwork supporting her FMLA that very same day.

17.     Ms. Flores responded that same day to Kaplan, that she had fifteen (15) days to provide Certification of a Health Care Professional. Kaplan ignored the 15-day statutory period and

responded that he would send someone to Flores' private residence to pick up the FMLA paperwork immediately that day. Ms. Flores declined as she was caring for her sick child. Kaplan also requested that the paperwork be picked up immediately from Ms. Flores' son's doctor's office.

18.     On or about July 11, 2021, around 9:19 p.m. at night, Kaplan sent a text to Ms. Flores offering her one week of paid time off to care for her son. Ms. Flores declined and returned to work the next day.

19.     On or about July 15, 2021, unbeknownst to Ms. Flores, Defendant (upon information and belief, Kaplan, himself), pulled a very detailed consumer credit report on Ms. Flores. Ms. Flores never authorized Defendant, or anyone acting on behalf of the Defendant, to pull this report.

20.     Also, on or about July 15, 2021, the IT department did a complete system rest, wipe and reconfiguration of Ms. Flores' laptop. All files were moved and saved onto One Drive. Ms. Flores was instructed by IT to access all her files through One Drive after July 15, 2021.

21.     On or about July 23, 2021, Ms. Flores timely completed the Certificate of Health Care provider form regarding her request for FMLA.

22.     Ms. Flores' Certificate of Health confirmed the need for intermittent FMLA for her son's serious medical condition.

23.     On or about August 1, 2021, Ms. Flores was notified that her FMLA request was approved.

24.     On or about August 8, 2021, Ms. Flores became aware of the consumer report that was pulled on her on or about July 15, 2021, when Kaplan, without explanation, texted her the report.

25.     On or about August 9, 2021, Ms. Flores notified her supervisor that she needed to take FMLA leave pursuant to her previous approval.

26.     On or about August 10, 2021, Ms. Flores asked Kaplan, in good faith, how the unauthorized consumer credit report contributed to the Defendant's business and questioned how the report was compliant with the Fair Credit Reporting Act ("FCRA").

27.     On or about August 10, 2021, Ms. Flores took FMLA leave. Kaplan texted Ms. Flores while she was leave and stated for the first time that Ms. Flores' allegedly had performance issues. Kaplan asked what they could do to have Ms. Flores "move on" from her employment with Defendant.

28.     On or about August 11, 2021, Ms. Flores reached out to Kaplan and let him know that she needed to take two days of paid time off beginning August 12, 2021, to review the consumer report and notify the individuals listed in the report that their information had been shared with her employer, and that their privacy had been breached.

29.     On or about August 13, 2021, Kaplan texted Ms. Flores just after 9:00 a.m., on her paid time off, and stated that they needed to have a zoom meeting at 9:30 a.m, Ms. Flores responded that she could not make the call with that short of a notice. A short while later, Ms. Flores texted that she would be available after 2:00 p.m. Kaplan did not respond. Instead, a courier delivered a termination letter to Ms. Flores' home that afternoon.

30.     On August 18, 2021, Ms. Flores became aware that Kaplan had her listed, and referred to her, as the "unethical Ganele Flores."

**FIRST CLAIM FOR RELIEF**
**(Family Medical Leave Act Interference and Retaliation)**

31.     Plaintiff hereby incorporates and re-alleges each and every foregoing paragraph with the same force and effect as if fully set forth herein.

32.     Defendant interfered with Ms. Flores' right to FMLA. This is in violation of 29 U.S.C. §§2615(a)(1), 2617(a); 29 C.F.R. §825.220.

33.     Ms. Flores was retaliated against for using FMLA. She was reprimanded for seeking FMLA leave.

34.     Defendant's activities are in violation of 29 U.S.C. §§2601-2654; 29 U.S.C. §2612(a)(1).

35.     The actions of Defendant were willful and wanton, and/or were done with malice or with reckless indifference to Ms. Flores' protected rights.

**SECOND CAUSE OF ACTION**
**(Wrongful Discharge in Violation of Public Policy)**

36.     Plaintiff hereby incorporates and re-alleges each and every foregoing paragraph with the same force and effect as if fully set forth herein.

37.     Plaintiff reported, in good faith, Defendant's improper and illegal actions under the Fair Credit Reporting Act.

38.     Plaintiff was terminated in retaliation for reporting Defendant's practices. Such reporting is protected activity. *Kearl v. Portage Environmental, Inc*., 205 P.3d 496 (Colo. App. Div. 1, 2008).

39.     Defendant's activity is in violation of the Fair Credit Reporting Act 15 U.S.C. §§1681, *et seq.*

40.     The actions of Defendant were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's protected rights.

41.     As a result of the actions of Defendant, Plaintiff has suffered damages. The decision to discharge Plaintiff was contrary to the clearly expressed public policy of the State of Colorado and the United States and caused damage to Plaintiff.

WHEREFORE, Janale Flores respectfully requests that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay and benefits, personal humiliation, severe emotional pain, inconvenience, mental anguish, future pecuniary

loss and loss of enjoyment of life, punitive damages, liquidated damages, penalties, costs, interest and expert fees, attorney's fees, and such other and further relief as this Court deems proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Dated this 3rd day of May, 2022.

BACHUS & SCHANKER, LLC

*s/ Sara A. Green*

Sara A. Green
101 W. Colfax Street, Suite 650
Denver, CO 80202
303-893-9800
Sara.green@coloradolaw.net